PER CURIAM:
11 GRANTED. The trial court erred in finding the surveillance video not sufficiently authenticated to be admitted at the preliminary hearing and thereby sustaining the prosecution’s objection to the video. That ruling is hereby reversed and the case is remanded for further proceedings consistent with this opinion.
The trial court conducted a preliminary examination on November 16, 2016, to de *33 termine whether probable cause existed to support charges of attempted second degree murder and carjacking against defendant. Because of its purported significance to the defense, the admissibility of the surveillance video was addressed before any other evidence or testimony. To accompany presentation of the video, the defense called Shelby Williams,[1] who lives across the street from defendant and whose video surveillance system captured defendant at, according to Mr, Williams’s testimony, times pertinent to when the offenses occurred.[2] During |2Mr. Williams’s testimony, the prosecutor objected to the video’s introduction on authenticity grounds, asserting it was inadmissible because there was no custodian who could testify about the process by which the video was produced. The trial court sustained the objection, finding that the defense had not established that the video evidence was reliable.
On review, the Third Circuit denied defendant’s writ, a majority of the panel having determined that no substantial right of defendant was affected by the trial court’s ruling, and citing La.C.E. art. 103. State v. Rice, 16-0998 (La. App. 3 Cir. 2/14/17) (Cooks, J., dissents with reasons) (unpub’d).
As provided in La.C.E. art. 1101(B)(4), the specific exclusionary rules and other provisions of the Code of Evidence “shall be applied [to preliminary examinations in criminal cases] only to the extent that they tend to promote the purposes of the hearing.” La.C.E, art. 1101(D), however, affords a trial court the discretion tp apply the code provisions pertaining to, inter alia, authentication and identification at a preliminary hearing, Therefore, even operating with the relaxed evidentiary approach at a preliminary examination, it was within the trial court’s discretion to require that the video be authenticated.
Nevertheless, as Judge Cooks explained in her dissent, the trial court erred in sustaining the state’s objection on authentication grounds. The requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. La.C.E. art. 901(A). Such evidence may come in the form of testimony by a witness with knowledge that the matter is what it is asserted to be; indications of lathe item’s distinctive characteristics, including its contents, substance, internal patterns, and other distinctive characteristics; or evidence describing the process or system used to produce the item and showing that the process or system produces an accurate result. See La.C.E. art. 901(B)(1), (4), and (9). ■
Such a showing was made by Mr. Williams’s testimony. Contrary to the *34 prosecutor s objection—urging that there was no custodian who could testify about the process by which the video was produced—Mr. Williams[3] explained that he had personally designed and managed the video surveillance system at his home (for security purposes) and knew the video at issue to be what it was asserted to be. He also described the process and system by which the video was created and testified to the accuracy of that system.[4]
In emphasizing perceived issues with the video’s reliability, ie., whether it had somehow been manipulated, the trial judge conflated the separate issues of authentication and reliability. Reliability is not a prerequisite for authentication. See, e.g., State v. Smith, 15-1359, p. 14 (La. App. 4 Cir. 4/20/16), 192 So.3d 836, 844. Whereas authentication renders an item admissible, the ultimate issue of its reliability is for the fact-finder to resolve after the evidence has been admitted. That the video at issue here has been sufficiently authenticated so as to be admitted has no bearing on whether the prosecution can subsequently seek to challenge its reliability. Once evidence has been admitted, an “opposing party ‘remains free to challenge the reliability of the evidence, to minimize its importance, or to argue alternative interpretations of its meaning, but these and similar other challenges go to the weight of the evidence—not to its admissibility’ ” Id., 15-1359, p. 14, 192 So.3d at 844 (emphasis in original) (quoting Sublet v. State, 442 Md. 632, 668-69, 113 A.3d 695, 716-17 (2015)). Accordingly, the trial court erred in sustaining the state’s objection.
Finally, though we do find that the trial court erred in excluding the video, we emphasize that the narrow issue now before us is the admissibility of the video at the preliminary examination. The separate issue of its admissibility at a possible trial is not before us at this juncture and we offer no view as to that determination. Nor can we venture any opinion as to the weight the video evidence should be assigned after its admission upon remand. See La. Const, art. V, § 10 (“In criminal cases [this court’s] appellate jurisdiction extends only to questions of law.”).
REVERSED AND REMANDED.

. Mr. Williams is a computer engineer. He is also the first cousin of defendant. He testified at the hearing, however, that based on his personal views of defendant, he was not willingly testifying or providing the video evidence to help the defense. Rather, the video and Mr. Williams’s presence at the hearing were both secured by subpoena,

. Though-the time and date stamp on the video did not correspond with the offenses, Mr. Williams explained that the camera’s time stamp was inaccurate because it resets whenever the power goes out. According to Mr. Williams, however, the correct date and time can be gleaned from the files on his computer storage unit. His video system records around the clock and automatically names the video files that are generated according to the .accurate date and time, as provided by an independent computer. Mr. Williams testified further that his computer storage system was-not vulnerable to the same time stamp problem as his camera, because it automatically synchronizes the time and date with a computer server after any power outages.

. The record before us 'contains no indication that Mr. Williams possesses any interest in the resolution of this matter. As noted above, he testified pursuant to subpoena. In that testimony, Mr. Williams indicated he was not testifying "to help Ronald Rice,”, that he had refused defense counsel’s request for the video "because he didn't want Mr. Rice released,” and that he wanted "whatever the Court finds appropriate” to be the ultimate outcome. Hearing Tr., pp. 6-7.

. The trial court erroneously found that “there’s been no chain of custody under a third party," with regard to the video, given that Mr. Williams is indeed a third party who created and possessed the video until it was relinquished pursuant to court order. Hearing Tr„ p. 18,